UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TOBIAS REID, | ) | CASE NO.: 1:07 CV 280 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| STATE FARM | ) | MEMORANDUM OF OPINION |
| MUTUAL INSURANCE CO., *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants | ) | |

On February 1, 2007, plaintiff pro se Tobias Reid filed this action under 42 U.S.C.

§ 1983 against State Farm Mutual Insurance Company ("State Farm"), the Ohio Bureau of Motor

Vehicles ("BMV"), the City of Cleveland Heights, the City of Cleveland, and Personal Insurance

Company ("Personal Insurance").  In the complaint, Mr. Reid challenges his convictions for traffic

violations and the unfavorable verdict of a civil action.  He seeks monetary damages.  Mr. Reid also

filed an Application to Proceed *In Forma Pauperis*.  That Application is granted.

**Background**

Mr. Reid indicates he was involved in an automobile collision in the City of

Cleveland Heights on September 13, 2004.  He claims he was stopped at a traffic light on Euclid

Heights Boulevard when the 2004 Honda Accord in front of him began to roll backwards and struck

his vehicle.  He indicates that he and the other driver exited their vehicles and determined that neither of the cars was damaged.  He contends that he left the scene believing the matter to be settled.  Shortly thereafter, he was surrounded by police cars "obviously responding to a hit/skip." (Compl. at 2.)  Mr. Reid was issued a traffic citation for failing to maintain assured clear distance and for leaving the scene of an accident.  The case proceeded to trial in the Cleveland Heights Municipal Court and Mr. Reid was convicted of the offenses.  He was fined $ 155.00.  He appealed his conviction to the Eighth District Court of Appeals and the Ohio Supreme Court, but it was upheld each time.

After his criminal conviction, a civil action was initiated against Mr. Reid by State Farm on behalf of its insured.  During the course of that litigation, Mr. Reid received two letters from the BMV asking him to provide proof of insurance.  The last of these letters was received on October 20, 2004.  He claims that although he complied with the request in this letter, his driver's license was suspended for failing to provide adequate proof of insurance.  The civil litigation concluded and State Farm prevailed.

Two years later, in October, 2006, Mr. Reid was charged with "various charges including license plate during scientific research in the City of Cleveland, Ohio."  (Compl. at 3.) He claims he was placed on probation for one year "because of the seriousness of each violation." (Compl. at 3.)

In November, 2006, Mr. Reid was involved in another motor vehicle collision.  He claims he was traveling southbound on Warrensville Center Rd. in the City of South Euclid when he was "cut off by a red Mercedes Benz."  He states that "[t]he legality is still pending in South

2

Euclid Case No. CVI 06-00941.  The plaintiff is insured by Personal Insurance Company."  (Compl. at 3.)

Mr. Reid raises two claims for relief.  First he asserts that he "received double jeopardy by having to present the [BMV with proof of] insurance three times in City of Cleveland Heights."  (Compl. at 3.)  He also claims his "civil rights [were] violated by the probation conviction in which he was convicted twice for the same incident [in the] City of Cleveland."  (Compl. at 3.) His second claim for relief asserts that State Farm and the BMV are engaged in a monopoly "to create classes of practice among insurance agents.  These practices engage in back door racism in which determines [sic] how traffic cases and insurance claims are handled and distributed among inner city insures and suburban insures."  (Compl. at 3.)  He requests an award of $ 400 per day for each claim.

## Analysis

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

---

[1]     An *in forma pauperis* claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

Insofar as Mr. Reid is challenging one or more of his convictions, his claims must be dismissed.  A person convicted of a crime may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  A double jeopardy claim, if found to have merit, would call into question the validity of the underlying conviction.  As such, Mr. Reid must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision.  To the contrary, he indicates that his conviction was upheld by both the Eighth District Court of Appeals and the Ohio Supreme Court.  His double jeopardy claims therefore must be dismissed.

In addition, Mr. Reid has not asserted a viable claim under 42 U.S.C. §1983.  To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  Generally, to be considered to have acted "under color of state law," the person must be a state or local government official or employee.  A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  An individual may also

4

be considered a state actor if he or she  exercises powers traditionally reserved to a state.  *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).  State Farm and Personal Insurance are private entities and not state or local government organizations.  There is no allegation in the complaint which reasonably suggests that these entities can be considered "state actors" under §1983.

The Ohio BMV is clearly a government entity, but it is immune from damages in a § 1983 action.  The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies.  *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

As municipalities, the City of Cleveland Heights and the City of Cleveland are not shielded by the Eleventh Amendment.  As a rule, however, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).  The complaint contains no suggestion of a custom or policy of the  City of Cleveland Heights or the City of Cleveland which may have resulted in the deprivation of a federally protected right of the plaintiff.

Moreover, even if Mr. Reid had named a defendant against whom he could assert a claim under § 1983, his underlying claims lack merit and must be dismissed.  Mr. Reid first claims

that he "received double jeopardy by having to present the [BMV with proof of] insurance three times in City of Cleveland Heights." (Compl. at 3.)  This claim can be construed two different ways. It can first be read to assert that requiring Mr. Reid to produce proof of insurance on more than one occasion in relation to the same traffic offense violated the double jeopardy clause.  To the extent that this was his intention, the claim is without merit.  The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend V.  While the primary purpose of the Double Jeopardy Clause is to prevent successive prosecution for the same offense, it has also been construed to bar successive punishments for the same crime.  *United States v. Ursery*, 518 U.S. 267, 273 (1996).  Requiring someone to show proof of insurance on more than one occasion, however, is neither a prosecution nor a punishment.  This action, alone, does not support a claim for violation of the Fifth Amendment.

Mr. Reid's claim can also be construed to assert that requiring him to provide proof of insurance violates the Double Jeopardy Clause because Mr. Reid was already convicted of traffic offenses in connection with the same motor vehicle collision.  This assertion, too, is without merit. The Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could be described as punishment.  *Hudson v. United States*, 522 U.S. 93, 98-99 (1997).  The Clause protects only against the imposition of multiple criminal punishments for the same offense.  Id.  An administrative driver's license suspension is civil in nature, and not a criminal prosecution for purposes of determining whether double jeopardy applies.  *See Herbert v. Billy*, 160 F.3d 1131, 1137 (6th Cir. 1999).  Even if the license suspension could be construed as a criminal penalty, it was not imposed as a punishment for the traffic offenses.  It was imposed because Mr. Reid failed to provide

6

adequate proof that he carried liability motor vehicle insurance as required by law. Mr. Reid cannot claim he was twice placed in jeopardy for the same offense.

Mr. Reid also claimed that his "civil rights [were] violated by the probation conviction in which he was convicted twice for the same incident [in the] City of Cleveland." (Compl. at 3.) There are no facts in the pleading to support this claim. It is stated almost entirely as a legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also*, *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Mr. Reid's second cause of action asserting that State Farm and the BMV are engaged in a monopoly "to create classes of practice among insurance agents" also requires dismissal. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the

defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d at 594.  Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to base his § 1983 action.

### Conclusion

Accordingly, Mr. Reid's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 27, 2007

---

[2]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

8